UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BRIDGEPORT HOSPITALITY, LLC, et. al.**<br><br>Defendants. | **Civil Action No. 14-4003 (KM)**<br><br><br><br>**REPORT AND RECOMMENDATION** |

**THIS MATTER** has come before the Court on the filing of a Motion to Withdraw as Attorney for Defendants by Hydar A. Naqvi ("Mr. Naqvi"). (Dkt. No. 17). No opposition has been filed thereto. For the reasons set forth below, it is respectfully **RECOMMENDED** that the individual Defendants' Waruna Seneviratne, Muthukumar Vellaichamy, and Manjula Muthukumar answer be stricken and default entered.

## BACKGROUND

Plaintiff filed this action on June 23, 2014 against corporate Defendant Bridgeport Hospitality, LLC, ("Bridgeport"), and individual Defendants' Waruna Seneviratne, Muthukumar Vellaichamy, and Manjula Muthukumar (collectively, "individual Defendants") seeking revenue and damages relating to Defendants unilateral termination of a Franchise Agreement. (Dkt. No. 1). A summons was returned executed on July 31, 2014. (Dkt. No. 8). On or about August 4, 2014, Mr. Naqvi was contacted by Abdul Q. Arif, Esq. ("Mr. Arif"), a Kansas-based attorney at a firm called AM Law, LLC, who was in search of local counsel for the individual Defendants. (Dkt. No. 17-1, Declaration of Hyder A. Naqvi ("Naqvi Decl.")). On August 14, 2015, Mr.

1

Naqvi's firm was retained to act as local counsel for the individual Defendants, with the intention that Mr. Arif would seek to be admitted *pro hac vice* before the Court. (*Id.*) On August 15, 2014 Mr. Naqvi filed an Answer on behalf of the individual Defendants. (Dkt. No. 9). Corporate Defendant Bridgeport never filed an answer, and on November 18, 2014, Plaintiff requested Clerk's entry of default, which was entered that same day. (Dkt. No. 11).

In September of 2014, Mr. Naqvi was informed that Mr. Arif would no longer be handling the matter and his partner Marco Montemayor ("Mr. Montemayor") would be taking over the case. (Dkt. No. 17-1, Naqvi Decl.). In October of 2014, Mr. Naqvi attempted to contact Mr. Montemayor and Mr. Arif on numerous occasions to discuss discovery-related issues as well as Mr. Montemayor's motion for pro hac vice admission. (*Id.*) In November of 2014, Mr. Montemayor told Mr. Naqvi that Mr. Arif left the firm and that he would now be lead counsel in this matter. (*Id.*) On November 25, 2014, the Court conducted an initial conference with the parties and entered a scheduling order that same day. (Dkt. No. 12).

From December 2014 through March 2015, Mr. Naqvi attempted to contact Mr. Montemayor by telephone and email with no response. (Dkt. No. 17-1, Naqvi Decl.). On March 31, 2015, Mr. Naqvi sent a letter to Mr. Montemayor by certified mail advising him that his office would seek to be relieved as counsel if he did not hear from him within a week. (*Id.*) On April 28, 2015, Mr. Montemayor contacted Mr. Naqvi to inform him that he has been unable to reach Defendants for several months and that he no longer wished to seek *pro hac vice* admission in this matter. (*Id.*) On April 30, 2015, Mr. Naqvi filed a Motion to Withdraw as Attorney for Defendants. (Dkt. No. 17).

On June 2, 2015, this case was reassigned to the Undersigned. On June 15, 2015, the

Undersigned conducted a telephone status conference with Plaintiff's counsel Kelly Krug and Defendants' Counsel Hyder Naqvi to discuss Mr. Naqvi's Motion.

On June 17, 2015, the Court issued an Order to Show Cause ordering the individual Defendants to appear in person on July 14, 2015 at 3:00 PM to show cause why Mr. Naqvi should not be permitted to withdraw as counsel and why the individual Defendants should not have their Answer stricken and default entered against them for nonparticipation in this action. (Dkt. No. 22). Mr. Naqvi was directed to serve Defendants by regular mail and certified mail, return receipt requested within seven days of the Order. (*Id.*) On June 26, 2015, Mr. Naqvi filed a certification of service with the Court. (Dkt. No. 23). Defendants were to confirm in writing that they will appear and submit a position paper by July 7, 2015. (*Id.*) The Court did not receive any papers from Defendants.

On July 14, 2015, Ms. Krug appeared in person and Mr. Naqvi appeared by telephone for the hearing before the Undersigned. The individual Defendants did not appear. Mr. Naqvi and Ms. Krug indicated that neither of them have had contact with the individual Defendants. Plaintiff did not have any objection to withdrawal of Mr. Naqvi as counsel. For the reasons stated on the record, the Court granted Counsel's motion to be relieved as counsel and has issued an Order to this effect, to be filed contemporaneously with this Report and Recommendation. As a result of counsel's withdrawal, and individual Defendants having been put on notice of consequences, the Court respectfully **RECOMMENDS** that the Answer of the individual Defendants be stricken and default entered against them.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case.  *See* Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery."  *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148.  The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted).  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met.  *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility.**  In this case it appears that the individual Defendants are solely responsible for their failure to comply with court orders and defend this matter.  The individual Defendants have been unreachable and have failed to respond to Court orders.  As such, this factor weighs in favor of striking Defendants' Answer.

**2.  Prejudice to Plaintiff.**  The Court finds that manifest injustice would result to Plaintiff if Defendants' Answer is not stricken.  Defendants' failure to participate in this action would unduly prejudice Plaintiff, as there is no indication that Defendants intend to ever resume

4

defense of this matter. Therefore, this factor weighs in favor of striking the Defendants' Answer.

**3. History of Dilatoriness.** Defendants have a history of dilatoriness through their failure to respond to their counsel, and failure to respond to Court orders. Defendants' inaction in this regard further supports striking their Answer.

**4. Willfulness or Bad Faith.** The Court will not conclude that Defendants have proceeded in bad faith. However, Defendants' conduct has been willful. Defendants have been willfully unresponsive to counsel and Court orders. These circumstances, when taken as a whole, suggest that Defendants have abandoned their defense of this case and further support striking their Answer as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default. *See Ghana v. New Jersey State Parole Bd.*, No. 01–1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, the record of unresponsiveness suggests that alternative sanctions would be futile. On the facts as outlined above, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09–2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of the individual Defendants' defenses.

In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendants' Answer and entering default against them. Therefore, the Undersigned respectfully **RECOMMENDS** that the District Court strike Defendants' Answer and enter default.

## **CONCLUSION**

In light of the foregoing; and the Court having given consideration of the *Poulis* factors;

**IT IS** on this **14th** day of **July, 2015,**

**RECOMMENDED** that Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2) and default entered.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**
