UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BRIDGEPORT HOSPITALITY, LLC,** et al.,<br><br>**Defendants.** | Civ. No. 14-cv-4003 (KM)(JC)<br><br>**MEMORANDUM OPINION & ORDER** |

## KEVIN MCNULTY, U.S.D.J.:

**THIS MATTER** having come before the Court on the Report and Recommendation ("R&R") (Dkt. No. 24) issued by Magistrate Judge James Clark recommending that the Defendants' Answer be stricken, and that default judgment be entered; and the parties having made no objection; and the Court having considered the record before it pursuant to Federal Rule of Civil Procedure 78, and for good cause shown; the Court decides as follows:

(1) The Plaintiff filed this action on June 23, 2014 against corporate Defendant Bridgeport Hospitality, LLC ("Bridgeport") and individual Defendants Waruna Seneviratne, Muthukumar Vellaichamy, and Manjula Muthukumar ("the Individual Defendants") seeking damages arising from the Defendants' alleged termination of a Franchise Agreement. (Dkt. No. 1) A summons was returned executed on July 31, 2014. (Dkt. No. 8)

(2) On or about August 14, 2014, Attorney Hydar A. Naqvi ("Mr. Naqvi") was retained to act as local counsel for the Individual Defendants.

(3) On August 15, 2015, Mr. Naqvi filed an Answer on behalf of the Individual Defendants. (Dkt. No. 9) Corporate Defendant Bridgeport never filed an Answer, and default was requested and entered against Bridgeport on November 18, 2011. (Dkt. No. 11)

(4) Between December 2014 and March 2015, Mr. Naqvi attempted to contact the Individual Defendants and their lead attorney, Marco Montemayor, but received on response. On April 30, 2015, Mr. Naqvi filed a Motion to Withdraw as Attorney for the Individual Defendants. (Dkt. No. 17)

(5) On June 17, 2015, Magistrate Judge Clark issued an Order to Show Cause ordering the Individual Defendants to appear in person on July 14, 2105 to show cause why Mr. Naqvi should not be permitted to withdraw as counsel and why the Individual Defendants should not have their Answer stricken and default entered against them for nonparticipation in this action. (Dkt. No. 22) The Court did not receive any papers from the Individual Defendants, and they did not appear at the hearing. Mr. Naqvi, who appeared telephonically, stated that he had not been in contact with the Individual Defendants. The Plaintiff did not object to Mr. Naqvi's withdrawal motion. For those reasons and others stated on the record at the July 14, 2015 hearing, the Court granted Mr. Naqvi's motion to withdraw.

(6) Also on July 14, 2015, Magistrate Judge Clark issued an R&R recommending that the Answer of the Individual Defendants be stricken and default entered against them for failure to comply with the Court's orders. Neither party has objected to the R&R within the applicable 14-day period. *See* Local Civil Rule 72.1(c) (14-day deadline for objections).

(7) This Court reviews the Magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

(8) If there are no objections, the district court has discretion to choose an appropriate standard of review. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the federal statute neither prohibits nor requires a particular standard if no objections are filed); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At a minimum, "[w]hat is not objected to, the district court reviews under the plain error or manifest injustice standard." *Megaparts v. Highcom Security*, No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *4 (D.N.J. June 25, 2010); *see, e.g., Banks v. Gallagher*, 686 F. Supp. 2d 499, 505 (M.D. Pa. 2009); *Cruz v. Chater*, 990 F. Supp. 375, 376–78 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

(9) The standard of review, however, is not critical. I find that Magistrate Judge Clark rightly concluded that the Individual Defendants' Answer should be stricken and default entered against them for failure to comply with the Court's orders. *See* Fed. R. Civ. P. 37(b)(2) (stating

that a court may "strik[e] pleadings in whole or in part" for "fail[ure] to obey an order to provide or permit discovery"). I further find that Magistrate Judge Clark correctly weighed the requisite factors announced by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) for deciding whether to impose a sanction that may deprive a party of the right to proceed with or defend against a claim.

**IT IS THEREFORE** on this 7th day of August, 2015,

**ORDERED** that Magistrate Judge Clark's R&R is adopted in full. The Individual Defendants' Answer is stricken, and the Clerk shall enter default.

_____
**KEVIN MCNULTY, U.S.D.J.**